NOT DESIGNATED FOR PUBLICATION

Nos. 121,346
121,347
121,348

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY DUANE SUTTLE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed May 29, 2020.
Sentence vacated.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
district attorney, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: After Jimmy Suttle admitted that he committed voluntary
manslaughter while he was on probation in three prior cases—13CR3362, 15CR220, and
15CR1216, the court revoked his probation in all three cases. Suttle now appeals the
revocation of probation in 15CR220. The State agrees the court could not revoke that
probation because the term had already expired. Accordingly, we vacate that portion of
his sentence.

1

*Suttle's criminal history.*

In 13CR3362, Suttle pled guilty to one count of forgery. He was sentenced to a suspended 10-month prison sentence with 18 months of probation. This probation term was later extended by the court.

In 2015, Suttle was sentenced in two felony cases at the same hearing. In 15CR220, Suttle pled guilty to possession of methamphetamine, a severity level 5 drug felony. In 15CR1261, he pled guilty to aggravated battery, aggravated assault, and criminal damage to property. The court granted a downward dispositional departure and sentenced Suttle to a total of 36 months' probation. On the journal entry, the probation term was specified as 12 months for 15CR220 and 36 months for 15CR1261. The presumptive probation term for his crime in 15CR220—a severity level 5 drug felony— was 12 months. See K.S.A. 2015 Supp. 21-6608(c)(3). The prison terms were 36 months in 15CR220 and 77 months in 15CR1261.

In February 2016, Suttle consented to a 12-month extension of his probation in 13CR3362 to March 3, 2017. The order did not implicate 15CR220 or 15CR1261.

In April 2016, Suttle stipulated to a probation violation for failing a drug test and the district court imposed a 120-day prison sanction. The court extended Suttle's term of probation in 13CR3362 until December 9, 2018. But the court did not state that it was extending probation in either of the 2015 cases. In fact, the journal entry of the probation violation hearing for 15CR220 stated that Suttle's original probation term was 12 months and his probation was not extended at the hearing.

After Suttle admitted he committed voluntary manslaughter in 2017, the State sought the revocation of his probation in all three prior cases. At the 2019 revocation

hearing, Suttle stipulated to violating his probation in the three cases. The district court revoked Suttle's probation and ordered him to serve his prison sentence in each case—13CR3362, 15CR220, and 15CR1216. Suttle timely appeals and his cases were consolidated on appeal.

*A court cannot revoke a probation term that has already expired.*

On appeal, Suttle makes one argument—that the district court did not have jurisdiction to revoke his probation in 15CR220. He contends his probation in that case concluded on December 9, 2016—one year after the sentencing for that case. He concedes that the district court had jurisdiction to revoke his probation in 13CR3362 and 15CR1261. The State agrees.

A court may only revoke a defendant's probation for conduct which occurred during his or her term of probation. There are no conditions of probation to violate when a defendant is not on probation. Because the parties agree that Suttle's probation in 15CR220 ended in December 2016, the district court had no jurisdiction to revoke that probation for conduct that occurred in May 2017. See *State v. Skolaut*, 286 Kan. 219, 232-34, 182 P.3d 1231 (2008).

We vacate Suttle's 36-month prison sentence in case 15CR220.